Rafael TORRES, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. 83 C 3568.

United States District Court, E.D. New York.

Nov. 2, 1984.

---

Wendy Brill, New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty. (Winstanley F. Luke, Thomas A. McFarland, Brooklyn, N.Y., Asst. U.S. Attys., Brooklyn, N.Y., Annette H. Blum, Regional Atty.—Region II, Elizabeth Dusaniwskyj, Asst. Regional Director, Office of the General Counsel, Dept. of Health and Human Services, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

In a memorandum and order dated April 4, 1984, this court remanded this case (seeking Social Security disability benefits) for a new hearing to be held within 120 days. Familiarity with that memorandum and order is assumed. The Appeals Council had reversed a determination by an Administrative Law Judge finding plaintiff disabled.

Plaintiff had a third grade education in Puerto Rico and is unable to read or write in English or Spanish. He has a 30 year job history. He held his last job for 13 years until January 29, 1981 when he had to undergo surgery for replacement of his right hip.

This court in remanding the case found it puzzling how the Appeals Council could reverse the Administrative Law Judge and determine, without ever having seen or heard plaintiff, that his complaints of pain were not credible. Equally unexplained by the Appeals Council was how plaintiff could perform a full range of sedentary work if he is unable to hold things in his hands.

After the initial hearing before the Administrative Law Judge, reconstructive surgery was performed on the hip replacement by Dr. Thomas P. Sculco of the well-known Hospital for Special Surgery (affiliated with the New York Hospital and Cornell University Medical College), an institution not notorious for the encouragement of malingerers. Dr. Sculco's detailed report concluded that plaintiff remained totally and permanently disabled.

Despite this court's order the hearing did not take place within 120 days. Nor did defendant apply to the court for an extension. She simply ignored the order. According to an affidavit of one Harold V. Tidwell who was the official responsible for processing the claim, the case was not even assigned to an analyst in his office until May 18, 1984, some six weeks after entry of this court's order. Not until May 22, 1984 was the case sent to the Appeals Council. The Appeals Council did not "release" an order of remand until June 2, 1984, more than eight weeks after entry of this court's order.

That order of remand forwarded the case to the Acting Administrative Law Judge, one Manuel Taxel. Not until June 21, 1984, eleven weeks after the court's order, did the Administrative Law Judge to whom the case was assigned, namely, Robert Sugerman, make a request for an orthopedic examination of plaintiff.

Not a single thing was then done by the defendant or her department until the plaintiff made the present application to this court, returnable September 28, 1984, seeking reversal of the determination of the Appeals Council because plaintiff had not been given the ordered hearing within 120 days.

Plaintiff's attorney pointed out in her affirmation that since January of 1981 plaintiff has had no income whatsoever, that he and his family are literally going without food, that he has been threatening suicide because of his financial and physical condition, that he cannot travel, that his wife cannot leave the house because she is caring for her husband and her elderly, infirm mother who cannot be left unattended, that consequently they have not been able to overcome bureaucratic red tape to obtain public assistance or food stamps, and that they are completely dependent on the dwindling generosity of neighbors and friends.

On September 28, 1984 this court ordered the Assistant United States Attorney to provide a report within 30 days explaining the delay. That report was made on the last of those 30 days. It shows that the defendant and her department had done nothing to process plaintiff's case since June 21, 1984 until the Assistant United States Attorney made inquiries of the office of the Administrative Law Judge. It then appeared that no orthopedic examination had been made of plaintiff. Neither the defendant, nor the Administrative Law Judge, nor any of defendant's staff made the slightest effort to discover what had happened to plaintiff's case nor why he had not been examined.

The court is now informed by the Assistant United States Attorney that as a result of his intervention plaintiff was to be examined on October 26, 1984, and that a hearing is to be held on November 14, 1984. That will be 224 days after the entry of this court's order of April 4, 1984.

 The court finds inexcusable the defendant's failure to comply with the court's order. But the statute does not appear to allow the disregard of such an order or a deliberate refusal to comply with it to be a ground for a direction to award benefits. However, the court is not without remedies to enforce its order. The court has the power of contempt.

Since the court did not give warning in its previous order that it would apply contempt sanctions, the court will not do so for the failures of the past. If, however, a final decision by the defendant in the case is not made by November 21, 1984 this court will entertain an application to punish defendant and those of her staff for contempt in an amount to be determined for each day that the decision is delayed beyond that date. So ordered.